**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EUGENE A. HARRIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., <br><br> Defendants. | Case No.: 1:16-cv-00500-SAB (PC) <br><br> ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM <br><br> [ECF No. 1] |

Plaintiff Eugene A. Harris, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States magistrate judge on April 20, 2016. Local Rule 302.

Plaintiff filed the instant case on March 14, 2016, in the United States District Court for the Central District of California. The action was subsequently transferred and filed in this Court on April 8, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks
2  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).
3       A complaint must contain "a short and plain statement of the claim showing that the pleader is
4  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
7  550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally
8  participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
9  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).
10      Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
11 liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
12 higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
13 screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
14 the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
15 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer
16 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
17 consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556
18 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

21      Plaintiff names the California Department of Corrections and Rehabilitation (CDCR), Stu
22 Sherman (Warden at Valley State Prison), Robert Fisher Jr. (Warden at Valley State Prison), Dr. Singh
23 (Chief Physician), G. Ugwueze (Chief Medical Executive), C. Cryer (Chief Executive Officer), Kerr
24 (Clinical Social Worker), Dr. Virk (Chief Medical Executive), Olsen (Senior Psychologist
25 Supervisor), and Dr. Hashemi, as Defendants.
26      Plaintiff contends that he is a "Clark" inmate with developmental disabilities and should not
27 have been housed at Valley State Prison because it is not equipped to house disabled inmates.
28

1  On June 24, 2014 through January 20, 2015, Plaintiff was not provided the proper medical care
2  by Dr. Hashemi.
3  On July 8, 2014 through October 5, 2015, C. Cryer discriminated against Plaintiff and
4  interfered with his medical treatment. In August 2015, Cryer changed Plaintiff's level of care so that
5  he would not provide mental health treatment under the Coleman and Clark plans.
6  On July 1, 2015 through August 21, 2015, Associate Warden, John Doe discriminated against
7  Plaintiff by allowing him to be placed on a non-enhanced outpatient yard that did not provide proper
8  treatment.
9  Senior Psychologist, Olsen discriminated against Plaintiff on October 29, 2015 by allowing
10 Kerr to engage in misconduct.
11 On January 15, 2015, Dr. G. Ugwueze allowed Dr. Hashemi to not provide medical care to
12 Plaintiff.
13 On January 12, 2016 through January 19, 2016, Dr. Singh discriminated against Plaintiff by
14 failing to provide proper medical treatment.
15 Chief Medical Executive Virk also discriminated against Plaintiff by failing to provide him
16 proper medical care.
17 Warden Robert Fisher Jr. is responsible for all employees at Valley State Prison. Warden Stu
18 Sherman is responsible for all employees at California Substance Abuse Treatment Facility and should
19 not have allowed Plaintiff to be transferred to Valley State Prison.
20 Plaintiff seeks immediate and future medical services as relief.

21 **III.**
22 **DISCUSSION**
23 **A.     Section 1983 Liability**
24 Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
25 federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092
26 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v.*
27 *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights,
28 but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada

ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-394 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### B. CDCR as Defendant

Plaintiff names CDCR as a defendant.  However, the Eleventh Amendment erects a general bar against federal lawsuits brought against the state.  Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted).  While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).  Thus, Plaintiff may not maintain a claim against CDCR, and CDCR shall be dismissed from the action without leave to amend.

### C. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff has failed to demonstrate that any of the named Defendants engaged in deliberate indifference to his serious medical needs.  As an initial matter, Plaintiff fails to set forth sufficient factual allegations to support his claim that is in serious need of medical treatment.  Plaintiff also fails to set forth specific factual allegations as to what each Defendant alleged did or did not do that caused harm to Plaintiff.  Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference under the Eighth Amendment.

### D. Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff names Wardens Robert Fisher Jr. and Stu Sherman, and John Doe Associate Warden as Defendants and contends they are responsible for all employees at Valley State Prison.  Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim and the only basis for such a claim would be respondeat superior, which is precluded under section 1983.

### E. Inmate Appeal Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  Plaintiff does not a have protected liberty interest in the processing and/or resolution his appeals, and therefore, he cannot

pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

### F. Exhibits Attached to Complaint

Plaintiff has attached exhibits to his complaint. As an initial matter, Plaintiff is advised there is no need to attach exhibits to his complaint. In any event, the exhibits are not properly incorporated, Fed. R. Civ. P. 10(c), and it is not the duty of the Court to sift through the exhibits to determine any facts that may be relevant. In addition, Plaintiff's exhibits are interwoven in the complaint and not appended after the last page of the complaint. If Plaintiff amends the complaint and desires to submit exhibits, such exhibits must be apprehended incorporated and appended to the amended complaint.

### III.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are

waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed March 14, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 3, 2016**

UNITED STATES MAGISTRATE JUDGE